**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.**

**JAMES A. COOPER,**

**Defendant.**                                          **No. 03-CR-40059-DRH**

<u>**MEMORANDUM AND ORDER**</u>

**Herndon, District Judge:**

On March 25, 2005, James A. Cooper ("Defendant") was found guilty of several counts of narcotics and narcotics-related offenses. On October 19, 2005, the Court sentenced Defendant to 285 months of imprisonment on Counts 1 and 6, 240 months of imprisonment on Counts 3, 4, 5, and 7, and 120 months of imprisonment on Count 8, to run concurrently. (Doc. 169.) On the same day, a notice of appeal was filed on Defendant's behalf. (Doc. 175.) Now before the Court is Defendant's November 4, 2005 motion for leave to file *in forma pauperis* on appeal. (Doc. 177.) For the following reasons, the Court denies Defendant's motion.

**FEDERAL RULE OF APPELLATE PROCEDURE 24(a)** provides that

> [a] party . . . who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave so to proceed, together with an affidavit, showing . . . the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to

1

> redress, and a statement of the issues which that party intends to present on appeal.  If the motion is granted [by the district court], the party may proceed without further application to the court of appeals and without prepayment of fees or costs in either court or giving security therefor.  If the motion is denied, the district court shall state in writing the reasons for denial.

A party may additionally be unable to proceed *in forma pauperis* on appeal if the district court determines that the appeal "is not taken in good faith."  **28 U.S.C. § 1915(a)(3); Fed. R. App. Proc. 24(a)**.  Similarly, **28 U.S.C. § 1915(a)(1)** provides that a federal district court may authorize a prisoner to commence a criminal appeal without prepayment of fees if he submits an affidavit that includes a statement of all assets he possesses and demonstrates that he is unable to pay fees or give security for the appeal.  The affidavit must also state the nature of the appeal and the affiant's belief that he is entitled to redress.  ***Id.***

Here, the affidavit Defendant has filed is insufficient.  Defendant does not provide a statement concerning his "inability to pay fees and costs or to give security therefor," nor does he state the issues he wishes to appeal.  Instead, Defendant's attorney simply indicates that Defendant "wishes to proceed *in forma pauperis* on appeal," and, as evidence of Defendant's indigent status, points out that "[Defendant] previously filed with the court an affidavit of indigency and the court found that he was indigent and appointed counsel for him."  (Doc. 177, attach. 1, Kelly Aff., ¶ 3.)  While it is true that the Court previously appointed counsel for Defendant (Doc. 48), and while the Court earlier found, after Defendant's first

attorney was terminated,[1] that "Defendant cannot afford to retain another lawyer" (*id.*), the Court has not been made aware of any "affidavit of indigency" filed by Defendant.  Moreover, since the time at which the Court found that Defendant was unable to afford an attorney, an outside attorney, Mr. Kelly, has been retained on Defendant's behalf.[2]

In light of these circumstances, the Court finds that in order to proceed *in forma pauperis* on appeal, Defendant must file a motion together with an affidavit that complies with the appropriate rules and statutory directives noted herein.  The Court therefore **DENIES at this time** Defendant's motion.  (Doc. 177.)

**IT IS SO ORDERED.**

Signed this 16th day of November, 2005.


/s/_____

David RHerndon

**United States District Judge**

---

[1] Defendant originally was represented in this matter by Charles H. Stegmeyer, Jr.  (Doc. 17.)  Mr. Stegmeyer was a non-court-appointed attorney.  He was terminated as counsel on July 29, 2004.  (Doc. 48.)

[2] Mr. Kelly has stated that he was retained by Defendant's family, not Defendant.  (Doc. 177, attach. 1, Kelly Aff., ¶ 2.)