IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.**

**JAMES A. COOPER,**

**Defendant.**                                       **No. 03-CR-40059-DRH**

### ORDER

**HERNDON, District Judge:**

Before the Court is Defendant James Cooper's ("Defendant") motion to proceed *in forma pauperis* on appeal pursuant to **Federal Rule of Appellate Procedure 24**. (Doc. 185.) That rule, along with **28 U.S.C. § 1915**, lays out various requirements that must be complied with in order for a defendant to proceed *in forma pauperis* on appeal. Additionally, **Rule 24(a)(3)** states that

> [a] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless . . . the district court -- before or after the notice of appeal is filed -- certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding.

**FED. R. APP. P. 24(a)(3)**.

In this case, based in part on a financial affidavit submitted by

Defendant on July 10, 2003 (Doc. 3), Judge Gilbert (who previously was assigned this case) found Defendant indigent.[1]  (Doc. 48.)  Between the time this order was entered and the time Defendant filed his first motion to proceed *in forma pauperis* on appeal (Doc. 48), however, Defendant was represented by a retained attorney, T. Christopher Kelly.  Moreover, since Defendant first submitted his financial affidavit in July of 2003, a period of more than two years has elapsed and Defendant has been represented, at various stages of this case, by two different retained attorneys.  Largely on these grounds, and because Defendant submitted no information concerning the validity of his financial affidavit other than his attorney's statements that "[Defendant] has been incarcerated since filing that affidavit and his financial situation has not improved" and "[Defendant] has advised me (as he advised the court at sentencing) that he wishes to proceed *in forma pauperis* on appeal with appointed counsel because he lacks the resources to retain appellate counsel," the Court denied Defendant's motion with leave to refile.  (Doc. 182.)

Now, given the information before the Court, the Court **GRANTS** Defendant's second motion to proceed *in forma pauperis* on appeal.  Defendant's counsel has indicated that he and Defendant reviewed Defendant's earlier-submitted financial affidavit, and that this information remains correct.  (Doc. 185, Aff., ¶ 4.)  Based on this representation, and based on the information contained in Defendant's earlier-submitted financial affidavit, the Court is satisfied that

---

[1] This case was reassigned on March 4, 2005.  (Doc. 99.)

Defendant is indigent. Moreover, the Court is satisfied, based on the representations in Mr. Kelly's affidavit, that Defendant's appeal is taken in good faith.

    **IT IS SO ORDERED.**

Signed this 30th day of November, 2005

        /s/        David RHerndon
        **United States District Judge**